UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 20-00709 JFW (RAO)                   Date:   February 10, 2020
Title:      Gregory L. Young v. City of Los Angeles et al.

---

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

          Donnamarie Luengo                                    N/A
             Deputy Clerk                           Court Reporter / Recorder

      Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

                  N/A                                          N/A

**Proceedings:**        (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE
                        TO AMEND**


      On January 23, 2020, Plaintiff Gregory L. Young ("Plaintiff), proceeding *pro se*, filed a
complaint ("Complaint") pursuant to 42 U.S.C. § 1983.[1]  Dkt. No. 1.  Plaintiff's Complaint is
brought against the City of Los Angeles (the "City"), Los Angeles Sanitation ("LA Sanitation"),
the Los Angeles Police Department ("LAPD"), Los Angeles Homeless Services ("LAHSA"),
Mayor Eric Garcetti, and Assemblyman Mark Kiley Thomas (collectively, "Defendants") in their
official capacities.  Compl. at 2-4.  For the reasons set forth below, the Complaint is
**DISMISSED** with leave to amend.


## I.      THE SCREENING REQUIREMENT


      District courts are required to screen civil complaints filed by individuals proceeding *in
forma pauperis*.  28 U.S.C. § 1915(e)(2).  The Court may dismiss such a complaint, or a portion
thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state
a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is
immune from such relief.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir.
2000) (en banc).


      To determine whether a complaint fails to state a claim for screening purposes, the Court
applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when
evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Wilhelm v.*

---

[1] The Court will grant Plaintiff's request to proceed *in forma pauperis* in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-00709 JFW (RAO)                    Date:    February 10, 2020
Title:       Gregory L. Young v. City of Los Angeles et al.

*Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted).  The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights[.]"  *See Iqbal*, 556 U.S. at 666.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"  *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences.  *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also* Fed. R. Civ. P. 10(c).  Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988.

## II.     SUMMARY OF ALLEGATIONS

Plaintiff paroled from a California state prison in 2016 and was placed in "Sober Clarity," which is housing for parolees/probationers.  Compl. at 5.  Plaintiff was then forced to move out of Sober Clarity.  *Id.*  Plaintiff had in his possession six cubic feet of legal materials.  *Id.*  Following his discharge from Sober Clarity, Plaintiff decided to sleep on the streets of Los Angeles.  *Id.* at 7.  Plaintiff chose to sleep under the bridge of the 110 Harbor freeway where other individuals were sleeping.  *Id.* at 8.

Before Measure H passed, the relationship between the homeless and the LAPD was "ok."  *Id.*  However, when Measure H went on the ballot, LAPD officers changed their attitudes towards the homeless.  *Id.* at 9.  LAPD officers would come to where Plaintiff slept, around 38th

Case No.:   CV 20-00709 JFW (RAO)                      Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.


Street and 39th Street, and force Plaintiff and others to clean up.  *Id.* at 10.  The officers started to take their property.  *Id.*  Around March 2017, officers and LA Sanitation waited until Plaintiff went to a parole appointment and then began to take his property, including his clothing, shoes, hygiene supplies, coffee, food and bedding, and bagged his legal materials.  *Id.* at 11.  Plaintiff arrived before they left with his property, and LA Sanitation only allowed Plaintiff to keep his tent and legal materials.  *Id.*

After Measure H passed, LAPD and LA Sanitation gave Plaintiff and other homeless individuals fliers with rules they needed to follow.  *Id.* at 11 & Ex. D.  The rules included the times they could have their tents up, instructions to keep sidewalks clear and wheelchair-accessible, a prohibition on tying materials to private or government property, and a direction to quickly move items when the City cleaned or made repairs.  *Id.* at 11-12, 39.  At some point, LAPD and LA Sanitation came to clean and take property without previously advising Plaintiff. *Id.* at 12.  On August 15, 2017, Plaintiff's property was confiscated again.  *Id.* at 15, 45.  Plaintiff was forced to move to another location.  *Id.*  Plaintiff alleges that officers wrote false tickets/reports that Plaintiff failed to take down his tent after a warning and that Plaintiff was loitering.  *Id.* at 14, 16.

Plaintiff complains that the City has been depriving him of his right to sleep on public streets in Los Angeles for the past three years.  *Id.* at 16.  Plaintiff was forced involuntarily to move near the Coliseum.  *Id.* at 15.  When the football season started, Plaintiff had to move again.  *Id.* at 16.  Plaintiff moved his tent to 39th Street and Grand Avenue.  *Id.* at 17.

Plaintiff alleges that on or about December 6, 2017, he was arrested after he hit another homeless individual on the head with a stick after that individual attempted to destroy Plaintiff's personal property.  *Id.* at 17-18.  Plaintiff was released and the case was a "reject."  *Id.* at 18. Plaintiff returned to his original location on 39th Street and Grand Avenue.  *Id.*

The City then started posting notices of cleaning at Plaintiff's encampment.  *Id.* at 18. Plaintiff made arrangements to move his property to a private parking lot during the cleaning. *Id.* at 19.  Plaintiff and other individuals were forced to move from one location to another because of the cleaning.  *Id.* at 20.  LA Sanitation and LAPD seized shopping carts and baskets, leaving Plaintiff and other individuals with no means of transportation.  *Id.* at 20-21.  The City then took tents, bedding, clothing, and food, which is not allowed at the BIN homeless storage. *Id.* at 21.

Case No.:   CV 20-00709 JFW (RAO)                    Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.


On October 29, 2019, Plaintiff had an appointment with GROW, but it was also cleaning time. *Id.* at 24. Plaintiff moved his property to the private lot. *Id.* When he saw LA Sanitation "rolling around like they [are] finish[ed]," Plaintiff assumed they were through with their cleaning. *Id.* However, as soon as Plaintiff placed his property back, the City pulled it up, bagged it, and tossed it in the trash. *Id.*

Plaintiff also complains that people who have attempted to privately assist the homeless are being asked to stop donating and feeding homeless individuals. *Id.* at 21. Plaintiff alleges that the government has created more of a barrier than assistance in social needs. *Id.* at 22. Plaintiff states that there is a lack of proper assistance and the homeless are punished and convicted for everyone's problem in violation of the Eighth Amendment. *Id.* at 23.

Plaintiff alleges that even after the federal ruling in *Martin v. Boise*, LA Sanitation has taken down encampments and forced the homeless to move. *Id.* at 26. Plaintiff was aware that the City intended to return to his encampment area on January 22, 2020. *Id.* LA Homeless Services Authority, LAPD officers, and LA Sanitation did come to Plaintiff's encampment area on January 22, 2020 at 2 p.m. *Id.* Plaintiff almost went to his GROW appointment and to the federal court. *Id.* Plaintiff alleges that there was no due process notice of cleaning. *Id.*

Plaintiff alleges a violation of his First Amendment right to peacefully assemble and his right to not be subject to inhumane treatment and cruel and unusual punishment. *Id.* at 27.

## III.    DISCUSSION

### A.    Legal Standards

####    1.    *42 U.S.C. Section 1982*

42 U.S.C. § 1983 ("Section 1983") provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

**CIVIL MINUTES – GENERAL**

Case No.: CV 20-00709 JFW (RAO)                          Date:    February 10, 2020

Title:        Gregory L. Young v. City of Los Angeles et al.

Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Vicarious liability is unavailable for a Section 1983 claim. *Iqbal*, 556 U.S. at 676. To state a viable Section 1983 claim against an individual, a plaintiff's complaint must allege that the individual's own actions caused the particular constitutional deprivation alleged. *Id.* Individuals cause a constitutional deprivation when they: (1) affirmatively act, participate in another's affirmative act, or fail to perform an act they are legally required to do that causes the deprivation; or (2) set in motion a series of acts by others which they know or reasonably should know would cause others to inflict the constitutional injury. *See Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (citation omitted). Allegations regarding causation must be individualized and must focus on the duties and responsibilities of the defendant "whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### 2.    *Monell Liability*

Official capacity suits are a way to plead "an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Id.* (citation omitted).

A local government agency can be held liable under Section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train or supervise municipal employees adequately. *See City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 20-00709 JFW (RAO)                        Date:    February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.


(1989).   To state a failure-to-train claim, a plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of persons with whom officials are likely to come into contact; and (3) his constitutional injury would not have happened had the municipality properly trained those officials.  *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). "Similarly, a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" to a plaintiff's constitutional rights.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).  A municipality is deliberately indifferent when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need."  *City of Canton*, 489 U.S. at 390.  "Where a § 1983 plaintiff can establish that the facts available to city policymakers can put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied."  *Id.* at 396.

**B.      Analysis**

Plaintiff claims a violation of his First Amendment right to peacefully assemble and his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff's allegations may also be liberally construed as asserting Fourth and Fourteenth Amendment claims.

> *1.       Plaintiff fails to state a cognizable First Amendment claim based on freedom of association.*

There have been two lines of decisions referring to a constitutionally protected freedom of association.  *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984).  "In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme."  *Id.* at 617-18.  "In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion."  *Id.* at 618.  The latter associational right only applies if the group engages in "expressive association," that is, the group "must engage in some form of expression."  *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648, 120 S. Ct. 2446, 147 L. Ed. 2d 554 (2000).

**CIVIL MINUTES – GENERAL**

Case No.:    CV 20-00709 JFW (RAO)                    Date:    February 10, 2020
Title:          Gregory L. Young v. City of Los Angeles et al.


Here, it appears that Plaintiff is attempting to bring a claim under the second line of decisions. However, Plaintiff has not alleged what expressive activity is at issue and how the City's actions interfere with his right to associate to engage in that expressive activity. Accordingly, Plaintiff fails to state a First Amendment claim based on his right to peacefully assemble. *See Aitken v. City of Aberdeen*, 393 F. Supp. 3d 1075, 1081-82 (W.D. Wash. 2019) (noting that plaintiffs identified "no cases where freedom of association was applied to enjoin an ordinance affecting the homeless").

>          2.          *Plaintiff fails to state a cognizable Eighth Amendment claim.*

In *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), *cert. denied*, --- U.S. ---- (2019), the Ninth Circuit concluded that "the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to." *Id.* at 603. The holding was narrow and did not "dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets . . . at any time and at any place." *Id.* at 617 (citation omitted). The panel also noted that "an ordinance prohibiting sitting, lying, or sleeping outside at particular times or in particular locations might well be constitutionally permissible," as well as "an ordinance barring the obstruction of public rights of way or the erection of certain structures." *Id.* at 617 n.8.

Plaintiff alleges that officers have written false tickets or reports regarding Plaintiff failing to take down a tent or that Plaintiff was loitering. Compl. at 14, 16. These general allegations are not specific enough to state an Eighth Amendment claim. Plaintiff does not allege whether he was criminally prosecuted or sanctioned based on these false tickets or reports. It is also not clear whether the laws these citations were based on would be barred by the Eighth Amendment because an ordinance that prohibits tenting or loitering at particular times or particular locations may be permissible. *See Martin*, 920 F.3d at 617 n.8.

Plaintiff also complains that the City has been depriving him of his right to sleep on public streets in Los Angeles for the past three years by taking down encampments and forcing him to move. Compl. at 16, 26. However, the Eighth Amendment only bars the City from criminally prosecuting Plaintiff for sleeping on public streets when he has no other place to go to. *See Martin*, 920 F.3d at 603. Courts following *Martin* have declined to expand its holding beyond criminalization of homelessness. *See Aitken*, 393 F. Supp. 3d at 1081-82 (collecting cases). Therefore, Plaintiff's allegation that the City has not permitted him to stay at one

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-00709 JFW (RAO)                                    Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.

encampment for the past three years fails to state an Eighth Amendment claim.  *See id.* at 1082 ("*Martin* does not limit the [c]ity's ability to evict homeless individuals from particular public places.").

> **3.      *Plaintiff fails to state a cognizable Fourth Amendment claim based on the seizure of his property.***

The Fourth Amendment protects against a seizure of property, which "occurs when there is some meaningful interference with an individual's possessory interests in that property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012).  A seizure is "subject to the Fourth Amendment's reasonableness standard" and "a reasonable expectation of privacy is not required to trigger Fourth Amendment protection against seizures." *Id.* at 1028-29.  Seizing and destroying an individual's unabandoned legal papers, shelters, and personal effects meaningfully interferes with that individual's possessory interests in the property. *Id.* at 1030.  However, a seizure may be reasonable if the government holds it for return to the owner instead of immediately destroying the property. *Id.*

Plaintiff alleges that after Measure H passed, LAPD officers started to take his and other homeless individuals' property.  Compl. at 10.  Plaintiff also alleges that LA Sanitation employees took his property, except for his tent and legal materials, around March 2017. *Id.* at 11.  Plaintiff alleges other occasions when his property was taken. *See id.* at 12, 15, 24.

The Court finds that Plaintiff's lack of specificity regarding the occasions when his property was taken prevent the Court from being able to determine whether Plaintiff has alleged sufficient facts to show that the seizure of his property was unreasonable.  If Plaintiff's property was seized without warning and immediately destroyed, Plaintiff could likely state a cognizable Fourth Amendment claim under *Lavan*.  However, it is unclear what property was removed at each alleged seizure, whether notice had been provided prior to the removal, and whether the property was immediately destroyed or taken to a storage facility.  For example, although Plaintiff alleges that his property was taken on August 15, 2017, an exhibit to the Complaint shows that Plaintiff received notice that removed items were taken to a specific location where they would be maintained for 90 days. *See* Compl. at 15, 45.  Therefore, it does not appear that on that occasion, Plaintiff's property was immediately destroyed.  Similarly, Plaintiff does not allege whether he could recover the property that was taken in March 2017.  Vague allegations that at some time Plaintiff's property was seized without prior notice or may have been destroyed are not sufficient to provide notice to Defendants of Plaintiff's claims.

**CIVIL MINUTES – GENERAL**

Case No.:  CV 20-00709 JFW (RAO)                    Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.

> *4.      Plaintiff fails to state a cognizable procedural due process claim.*

"The Fourteenth Amendment provides that no State shall 'deprive any person of life, liberty, or property, without due process of law.'" *Lavan*, 693 F.3d at 1031 (citing U.S. Const. Amend. XIV, § 1).  "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995); *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).  "Homeless persons' unabandoned possessions are property within the meaning of the Fourteenth Amendment." *Lavan*, 693 F.3d at 1032 (internal quotation marks omitted).

Once a substantive right is created, the Due Process Clause provides the procedural minimums, not a statute or regulation. *Nozzi v. Housing Authority of City of Los Angeles*, 806 F.3d 1178, 1192 (9th Cir. 2015) (citation omitted).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (internal citation omitted).  In other words, the government must "take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return." *Lavan*, 693 F.3d at 1032 (citation omitted); *see also Mitchell v. City of Los Angeles*, Case No.: CV 16-01750 SJO (GJSx), 2016 WL 11519288, at *5 (C.D. Cal. Apr. 13, 2016) ("Were the City to actually provide Plaintiffs additional process, including advance notice of seizures and cleanups and a readily accessible storage facility, it would allow Plaintiffs to protect and recover their essential property.").

As described above, Plaintiff alleges that his property was taken.  Although there is uncertainty as to the dates and circumstances of each alleged removal, the Court will assume for purposes of the analysis of the procedural due process claim that Plaintiff has sufficiently alleged a property interest.  The Court finds that Plaintiff's procedural due process claim fails because Plaintiff has not alleged that the City failed to take reasonable steps to provide notice that property was taken and a remedy for the return of the property.  Rather, the Complaint shows that the City did post notices of cleaning, and those notices provided the location where property was taken with an address and phone number so that the property could be retrieved. *See* Compl. at 18, 45, 47, 51-53, 60, 62-65.  To the extent Plaintiff alleges that these procedures to provide notice and an opportunity to recover property were not followed, Plaintiff has not specified on

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-00709 JFW (RAO)                          Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.

which occasions the procedures were not followed.[2]  And for any occasions when the procedures were not followed, Plaintiff has not stated facts to show that there was a custom, policy or practice of the City to not follow those procedures such that the City would be liable rather than an individual employee.  Because Plaintiff's allegations lack specificity in showing occasions when Plaintiff's property was taken without reasonable notice and remedies for the return of the property, Plaintiff fails to state a cognizable procedural due process claim.

        *5.        Plaintiff fails to state a cognizable substantive due process claim.*

        "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).  The Fourteenth Amendment "generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).  "There are two exceptions to this rule: (1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Id.* at 971-72 (citations omitted).  The "danger creation" exception provides that state actors may be held liable where they affirmatively place an individual in danger and they act with deliberate indifference to that danger.  *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006) (citations omitted).

        At least one district court has applied the state-created danger exception to a case involving a homeless plaintiff.  In *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079 (E.D. Cal. 2012), the court found that the plaintiff stated a cognizable substantive due process claim where the plaintiff alleged that the defendants timed demolitions of the plaintiff's shelter and property to occur at the onset of the winter months and the plaintiff alleged that the defendants knew or should reasonably have known that their conduct threatened the plaintiff's continued survival. *Id.* at 1102.  Other district courts have found that the state-created danger exception did not apply

---

[2] For example, Plaintiff alleges that there was no "due process notice of cleaning" for a cleaning on January 22, 2020. *See* Compl. at 26.  However, Plaintiff attaches a notice that states a cleaning will take place on January 22, 2020, and provides a location where items collected by the City may be retrieved. *Id.* at 65.  The Court is not required to accept as true allegations that are contradicted by the exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-00709 JFW (RAO)                          Date:   February 10, 2020
Title:        Gregory L. Young v. City of Los Angeles et al.

where there were no facts to show that a state actor placed the plaintiffs in danger or that the state was deliberately indifferent to the plaintiffs' safety in taking that action. *See Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 433 (N.D. Cal. 2017) (dismissing claim where there were no "allegations of intentional eviction during precarious weather or other facts indicating deliberate indifference to the safety and welfare of the population"); *Housing is a Human Right Orange County v. County of Orange*, Case No. SA CV 19-388 PA (JDEx), 2019 WL 6481311, at *12 (C.D. Cal. Aug. 12, 2019) (dismissing claim where there were no facts to satisfy the deliberate indifference standard and observing that "the difficulties the homeless individuals camping at the temporary campground may face are largely identical to those they would face while camping elsewhere in the [c]ity").

Here, Plaintiff alleges that he has been forced to move from his encampment on numerous occasions. *See Compl.* at 15-17. Some or all of these occasions have been due to cleaning of the area where Plaintiff had been sleeping. *See id.* at 47, 51-53, 60, 62-65. Plaintiff has not alleged that the City's actions with respect to these cleanings exposed Plaintiff to a danger which he would not have otherwise faced if he were not forced to move. Unlike the complaint in *Sanchez*, there are no facts to show that the City's actions to temporarily force Plaintiff to move his possessions were done with deliberate indifference to Plaintiff's safety. Additionally, Plaintiff's general complaints that the City is not doing enough to assist his social needs, *see* Compl. at 22-23, are not sufficient to state a substantive due process claim as there is no affirmative right to governmental aid. *See Patel*, 648 F.3d at 971. Accordingly, Plaintiff fails to state a cognizable substantive due process claim.

### C.     Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 709 (9th Cir. 1990)). Plaintiff has not had the opportunity to amend his complaint and it appears possible for Plaintiff to correct at least some of the deficiencies described above. Accordingly, the Court grants Plaintiff leave to amend.

///
///
///

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-00709 JFW (RAO) | Date: | February 10, 2020 |
| Title: | Gregory L. Young v. City of Los Angeles et al. | | |

## IV.     CONCLUSION

In light of the foregoing, Plaintiff's Complaint is hereby **DISMISSED** with leave to amend.  If Plaintiff intends to pursue this matter, he shall file a "First Amended Complaint" by **March 11, 2020**.  If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached **Notice of Dismissal** by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.  Any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that defendant's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**The Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

**Finally, the Court encourages Plaintiff to seek assistance from the Federal Pro Se Clinic.  The Los Angeles Federal Pro Se Clinic operates by appointment only.  Plaintiff may schedule an appointment either by calling the Clinic at (213) 385-2977, ext. 270, or by submitting an online request at the following site: http://prose.cacd.uscourts.gov/los-angeles.**

**Clinic staff can respond to many questions with a telephonic appointment or through email.  It may be more convenient to email questions or schedule a telephonic appointment.  Staff can also schedule an in-person appointment at their location in the**

## CIVIL MINUTES – GENERAL

Case No.:  CV 20-00709 JFW (RAO)                    Date:   February 10, 2020
Title:       Gregory L. Young v. City of Los Angeles et al.

**Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.**

   **IT IS SO ORDERED.**

   Attachments.

                                                                    _____ : _____
                                        Initials of Preparer    _____ dl _____